**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

STONECREST INCOME AND
OPPORTUNITY FUND-I, LLC,

      Plaintiff,

v.                                Case No. 6:13-cv-1170-Orl-37KRS

ISIAS PUENTE; MARITZA GARCIA;
BANK OF AMERICA, N.A.; and
COVERED BRIDGE AT CURRY FORD
WOODS ASSOCIATION, INC.,

      Defendants.

**ORDER**

This cause is before the Court on its own motion. Upon consideration, the Court finds that this action is due to be dismissed for Plaintiff's repeated failure to comply with Court Orders.

Plaintiff brought this residential foreclosure action against Defendants Puente and Garcia—the individual mortgagors—as well as Defendants Bank of America, N.A. ("BANA") and Covered Bridge at Curry Ford Woods Association, Inc.—two purportedly competing lienholders. (*See* Doc. 47, ¶¶ 9–29.) On April 29, 2014, Defendant Puente filed a notice of suggestion of bankruptcy. (Doc. 55.) In response, the Court, *inter alia*, stayed this action as to Defendant Puente and directed Plaintiff to file a bankruptcy status report on November 2, 2014, and every six months thereafter. (Doc. 56.) The November 2 deadline passed, but Plaintiff did not file a status report.

On November 14, 2014, the Court issued a *sua sponte* Order which: (1) notified Plaintiff of its failure to file the required status report; and (2) directed all parties to confer

and file a joint status report regarding their mediation efforts, the progression of Defendant Puente's bankruptcy case, whether this action should be stayed in its entirety, and "any other information pertinent to the timely and judicious resolution of this case." (Doc. 58, pp. 1–2.) The deadline for filing the joint status report was December 3, 2014. (*Id.* at 1.)

On December 4, 2014, Defendant BANA filed a unilateral status report delineating its efforts to confer with the other parties—most notably Plaintiff—and to comply with the Court's December 3 status-report deadline. (*See* Doc. 59.) Attached to BANA's report are copies of previous email exchanges in which BANA's counsel: (1) informed Plaintiff's counsel that BANA no longer has any interest in the residential property at issue in this action and thus it should be dropped as a party to this suit; (2) reminded Plaintiff's counsel of the joint-status report requirement and deadline; and (3) warned Plaintiff's counsel that BANA would file a unilateral status report if necessary. (*See* Doc. 59-2, pp. 2–4.) In response, Plaintiff's counsel agreed that BANA should be dropped as a party and twice represented that he was in the process of filing a notice. He did not otherwise represent that he would contribute to a joint status report. (*See id.* at 2, 4.) To date, Plaintiff has not dropped BANA. More pointedly, Plaintiff did not file or contribute to the required joint status report.

"A district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). Indeed, a "district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases," and it "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.* at 1240 (citation and

internal quotation marks omitted); *see also* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(v), 41(b) (permitting dismissal of claims for failure to comply with court orders). In light of Plaintiff's repeated and apparently intentional noncompliance with the Court's Orders, the Court finds that this action is due to be dismissed.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 29, 2014.

ROY B. DALTON JR.
United States District Judge

---

[1] While the U.S. Court of Appeals for the Eleventh Circuit does not appear to have addressed the issue, the Court may dismiss a creditor's claim against a debtor for noncompliance with Court Orders. *See Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (confirming that a court may dismiss a creditor's claims against a debtor during the automatic stay when the creditor fails to file required status reports); *see also Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 n.6 (5th Cir. 1990) ("Although we express no opinion on the matter, we note that there is ample authority supporting the proposition that an order dismissing a creditor's action against the debtor is completely consistent with provisions of the automatic stay."); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1108-09 (9th Cir. 2006) ("[T]he district court has the power to dismiss a case for docket management purposes under Rule 41(b) notwithstanding an automatic stay.").

Copies:

Counsel of Record

Pro Se parties